**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122161

### UNITED STATES DISTRICT COURT
### DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATAN DVIR,<br>155 W. 21st Street, Apt. 7A<br>New York, New York 10111<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES BLADE LLC,<br>1712 14th Street Northwest<br>Washington, DC 20009<br><br>　　　　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Natan Dvir ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Los Angeles Blade LLC ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement and the violation of the DMCA for the removal of copyright management information.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's images and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as www.losangelesblade.com (the "*Website*").

5. Defendant operates a FaceBook account known as LosAgenelsBlade.com (the "*Account*").

6. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on its Website and its Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff Natan Dvir is an individual who is a citizen of the State of New York and maintains a principal place of business 155 W. 21st St., New York, New York.

8. On information and belief, Defendant Los Angeles Blade LLC, is a Limited Liability Company registered in the District of Columbia with a principal place of business at 1712 14th Street Northwest, Washington, District of Columbia 20009 and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Los Angeles Blade LLC because it maintains its principal place of business in California.

11. Venue is proper under 28 U.S.C. §1391(a)(2) because Los Angeles Blade LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many

others are the subject of pending copyright applications.

15. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

16. The Website is a popular and lucrative commercial enterprise.

17. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

18. The Website is monetized in that sells merchandise to the public and, on information and belief, Defendant profits from these activities.

19. On or about November 25, 2019, Plaintiff Natan Dvir authored a photograph of George Papadopoulos (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

20. Plaintiff applied to the USCO to register the Photograph on December 4, 2019 under Application No. 1-8320505281.

21. The Photograph was registered by USCO on December 4, 2019 under Registration No. VA 2-190-452.

22. Plaintiff observed the Photograph on the Website on January 9, 2020. A copy of screengrab of Defendant's website including the Photograph is attached hereto collectively in Exhibit 2.

23. A copy of the Photograph was displayed on the Website at the following URL: https://www.losangelesblade.com/2019/12/12/ca-25th-race-getting-curiouser-and-curiouser/ and stored at https://www.losangelesblade.com/content/files/2019/12/George-Papadopoulos-from-FB-page-.jpg.

24. Plaintiff observed the Photograph on Defendant's Account A copy of a screengrab of the Account is attached hereto collectively in Exhibit 2.

25. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

26. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Account.

27. On information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

28. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

29. On information and belief, the infringing content was posted to the Website by Defendant's agent and/or employee Karen Ocamb whose page on Defendant's website lists her as a reporter ("https://www.losangelesblade.com/author/karen-ocamb/").

30. On information and belief, the Photograph was volitionally posted to the Website by Defendant.

31. On information and belief, the Photograph was volitionally posted to the Account by Defendant.

32. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

33. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Account.

34. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiff's Photograph.

35. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

36. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

37. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

38. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

39. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement. Specifically, by way of the Infringement, the Website had increased traffic to the and, in turn, realized an increase its advertising revenues and/or merchandise sales.

40. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

41. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

42. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

43. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

44. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

45. The Photograph is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

46. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

47. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

48. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

49. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Website.

50. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

51. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

52. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

53. Plaintiff hereby demands a trial of this action by jury.

# **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendants infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: May 17, 2021

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122161